FILED

SEP 0 3 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____MM_____ DEP CLK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

THERESA SCHMITZ, Plaintiff,

v.

WAKE COUNTY BOARD OF EDUCATION ("WCPSS"); DARRELL PROPST, in his official and individual capacities; JONATHAN ENNS, in his official and individual capacities; TANISHA MCCOY, in her official and individual capacities; JERRY GRIFFITH, in his official and individual capacities; CARLA WINTHROW, in her official and individual capacities; Defendants.

Civil Action No. 5:25- cv- 00553- D

COMPLAINT FOR VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT, TITLE I OF THE ADA, AND 42 U.S.C. § 1983

## JURISDICTION AND VENUE

1. This is a civil rights action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title I of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within this District and all Defendants reside or are employed within this District.

## PARTIES

4. Plaintiff Theresa Schmitz is an employee of Wake County Public School System ("WCPSS") and a resident of Wake County, North Carolina.

5. Defendant Wake County Board of Education ("WCPSS") is a public school district and a recipient of federal financial assistance. It is subject to Section 504, the ADA, and 42 U.S.C. § 1983.

6. Defendant Darrell Propst was at all relevant times Principal of Swift Creek Elementary School. He exercised supervisory authority over Plaintiff, enabled retaliatory conduct by colleagues, excluded Plaintiff from IEP meetings, reassigned her position, and created a hostile work environment after Plaintiff engaged in advocacy under Section 504 and the ADA. He is sued in his official and individual capacities.

7. Defendant Jonathan Enns was at all relevant times Regional Superintendent for WCPSS. He exercised supervisory authority over principals, including Propst, and bore responsibility for ensuring district compliance with policy. He is sued in his official and individual capacities.

8. Defendant Tanisha McCoy was at all relevant times employed in Employee Relations at WCPSS. She exercised authority over internal complaints, including Plaintiff's, and is sued in her official and individual capacities.

9. Defendant Jerry Griffith was at all relevant times employed by WCPSS in Employee Relations/HR. He exercised authority over Plaintiff's ADA/504 accommodation request and is sued in his official and individual capacities.

10. Defendant Carla Winthrow was at all relevant times employed in Compliance/Employee Relations at WCPSS. She was responsible for routing ADA/504 complaints and overseeing compliance for employees. She misrepresented the existence of an ADA/504 coordinator for employees, confirmed in writing that no such coordinator was assigned, and obstructed Plaintiff's requests for ADA/504 accommodations by diverting them into general leave procedures. She is sued in her official and individual capacities.

### INTRODUCTION `

11. Plaintiff is both an employee of WCPSS and the parent of a child with a disability who previously required special education services at the school.

12. In both capacities, Plaintiff advocated for compliance with IDEA, Section 504, and the ADA. Instead of addressing its obligations, WCPSS retaliated against her for raising protected concerns.

13. WCPSS retaliated by reassigning Plaintiff to a less favorable position, excluding her from IEP meetings where she was the teacher of record, refusing her requested accommodations, and subjecting her to a hostile work environment.

14. WCPSS further permitted colleagues, including Kristin DaMelio, to file false complaints and engage in hostile conduct toward Plaintiff. Rather than addressing

DaMelio's retaliatory behavior, Propst and the district shielded her from accountability while targeting Plaintiff.

15. These actions, taken together, created a pattern of retaliation that violated Section 504, the ADA, and the First Amendment.

## FACTUAL BACKGROUND

16. Plaintiff advocated for students with disabilities and objected when accommodations were removed or altered without justification.

17. After Plaintiff raised concerns about IEP inconsistencies and filed internal and external complaints, retaliatory actions followed in close succession.

18. Colleagues, including Kristin DaMelio, filed retaliatory complaints against Plaintiff. Propst responded by initiating an investigation into Plaintiff and labeling her "insubordinate."

19. Shortly thereafter, Propst reassigned Plaintiff from her grade-level teaching position, excluded her from IEP meetings despite being the student's teacher of record, and tolerated continued hostile conduct from DaMelio.

20. Plaintiff previously filed an ADA/504 retaliation complaint in September 2024. WCPSS failed to process it under ADA/504 procedures and did not assign an ADA/504 coordinator, despite Plaintiff's repeated requests. The matter was closed out in February 2025 without proper ADA/504 handling. Shortly after the close-out letter, Defendant Propst reassigned Plaintiff to another grade level position in retaliation.

21. On May 9, 2025, Plaintiff filed another ADA/504 retaliation complaint. Within days, retaliatory complaints were filed against her by colleagues, and WCPSS initiated investigations into Plaintiff instead of addressing her concerns.

22. Plaintiff also filed a complaint with the U.S. Department of Education, Office for Civil Rights ("OCR"), alleging disability-based retaliation. OCR offered to mediate the matter, but WCPSS refused to participate, further evidencing its bad faith in addressing Plaintiff's protected complaints.

23. During 2024 and 2025, Plaintiff also filed state complaints with the North Carolina Department of Public Instruction ("DPI"). DPI substantiated at least two violations against WCPSS and ordered corrective actions.

24. WCPSS repeatedly failed to maintain or designate an ADA/504 coordinator for employees until July 1, 2025, in direct violation of federal regulations, 34 C.F.R. § 104.7(a). This failure left Plaintiff and other employees without mandated protections.

3

25. On July 30, 2025, Plaintiff submitted a formal written ethics complaint to the Wake County Board of Education documenting Principal Propst's retaliation for Plaintiff's protected advocacy under Section 504, the ADA, and the First Amendment. The complaint identified her reassignment as retaliation for advocacy, exclusion from an IEP meeting despite being the teacher of record, false labeling of her as "insubordinate," and WCPSS's failure to process ADA/504 complaints. This submission placed the Board on direct notice of ongoing constitutional and statutory violations. Despite this notice, the Board failed to take corrective action, thereby ratifying the misconduct.

26. On August 6, 2025, Plaintiff met with Jerry Griffith regarding her ADA/504 accommodation request. She was told that WCPSS "does not offer that type of leave," and her request was routed into general leave processes rather than processed as an ADA/504 accommodation.

27. On August 14 and August 29, 2025, Plaintiff submitted medical documentation explicitly citing ADA/504 accommodations and the need for temporary leave due to the hostile and retaliatory environment. Despite these submissions, WCPSS failed to engage in the interactive process or provide the requested accommodation.

28. As a direct result of Defendants' retaliatory conduct, Plaintiff has experienced significant emotional distress and health-related harm. Plaintiff's medical providers have documented stress-related illness and mental health conditions requiring treatment, directly attributable to the hostile and retaliatory work environment created by Defendants.

29. On June 10, 2025, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) regarding her ADA/504 retaliation charge.

30. On August 14, 2025, Plaintiff received a second Right to Sue letter from the EEOC concerning additional acts of retaliation that occurred after her first filing.

31. Plaintiff timely files this action within 90 days of receiving the EEOC Right to Sue letters.

## CLAIMS FOR RELIEF

### Count I – Monell Liability (§1983) (Against WCPSS)

32. WCPSS maintained a policy, practice, and custom of ignoring ADA/504 complaints, misclassifying them as personnel issues, and shielding retaliatory actors while punishing those who engaged in protected activity.

33. This policy/custom caused the violations of Plaintiff's rights described above.

4

34. The Board had actual notice of Plaintiff's constitutional claims when Plaintiff filed the July 30, 2025 ethics complaint, expressly linking Principal Propst's retaliatory conduct to Plaintiff's advocacy on behalf of students with disabilities and to her ADA/504 complaints. The Board's failure to act on this complaint constitutes deliberate indifference and ratification of the retaliation, making the Board liable under 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978).

### Count II – Retaliation (Section 504/ADA) (Against WCPSS)

35. Plaintiff engaged in protected activity by advocating for students with disabilities and filing ADA/504 complaints.

36. WCPSS retaliated against her by reassigning her, excluding her from IEP meetings, tolerating hostile conduct by DaMelio, and denying requested accommodations.

37. Defendants further retaliated against Plaintiff by refusing to participate in OCR-offered mediation of her retaliation complaint, thereby compounding the adverse treatment and demonstrating deliberate indifference to Plaintiff's federally protected rights.

38. As a direct and proximate result, Plaintiff has suffered emotional distress, documented medical harm, reputational injury, and economic losses.

### Count III – Failure to Accommodate (Section 504/ADA) (Against WCPSS)

39. Plaintiff requested paid administrative leave as a reasonable accommodation on July 30, 2025, supported by medical documentation.

40. WCPSS failed to engage in the required interactive process and refused to provide accommodation.

41. As a direct and proximate result, Plaintiff has experienced documented medical harm, emotional distress, and related damages.

### Count IV – First Amendment Retaliation (§1983) (Against WCPSS, Propst, Enns, McCoy, Griffith, Winthrow)

42. Plaintiff engaged in speech and advocacy on matters of public concern, including the rights of students with disabilities and compliance with federal law.

43. Defendants retaliated against her for this speech by reassigning her, excluding her from IEP meetings, tolerating hostile conduct by DaMelio, labeling her insubordinate, and denying her reasonable accommodations.

44. The July 30, 2025 ethics complaint expressly placed the Wake County Board of Education on notice that Plaintiff was experiencing retaliation for her speech and

advocacy. By ignoring this complaint, the Board ratified the retaliatory actions of its administrators and employees, establishing liability under §1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants' actions violated Plaintiff's rights under Section 504, the ADA, and the U.S. Constitution;

B. Enjoin WCPSS to maintain an ADA/504 Coordinator for employees, implement compliance procedures, and provide training;

C. Award compensatory damages, to the extent permitted by law, for emotional distress, documented medical harm, related treatment costs, reputational harm, and economic losses;

D. Award back pay, front pay, and lost benefits;

E. Award punitive damages against individual Defendants under §1983;

F. Award attorney's fees and costs pursuant to 42 U.S.C. §§ 1988, 794a, and other applicable law, including fees incurred if Plaintiff later secures counsel;

G. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Theresa Schmitz* 9/3/25

Theresa Schmitz, Plaintiff Pro Se


1226 Haywards Heath Lane

Apex, NC 27502

440-636-2742

tschm04@yahoo.com

EXHIBITS

Exhibit A – EEOC Right to Sue Letter dated June 10, 2025

Exhibit B – EEOC Right to Sue Letter dated August 14, 2025

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.